**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | **ORDER MODIFYING CONDITIONS** |
| Plaintiff, | ) | **OF SUPERVISED RELEASE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Roy Spinks, | ) | Case No. 4:04-cr-029(1) |
| | ) | |
| Defendant. | ) | |

On February 2, 2006, the Court held a hearing concerning the defendant's conditions of supervised release.  Present at the hearing was the defendant, Roy Spinks; Chris Lancaster, Assistant Federal Public Defender; Brett Shasky, Assistant United States Attorney; and United States Probation and Pretrial Services officer Julie Vetter.  The Defendant expressed his willingness to voluntarily participate in the new in-patient treatment program at the Robinson Recovery Center in Fargo, North Dakota.  As a result, the Court orders the following modifications to the special conditions of supervised release:

1.) All previously imposed standard and special conditions of supervised release remain in effect.

2.) That the Defendant reside at the Robinson Recovery Center in Fargo, North Dakota, commencing on Monday, February, 6, 2006, at 9:00 a.m. for a period of not less than six (6) months.  While in residence, the Defendant shall abide by all rules and regulations of the facility, attend all recommended treatment programs, be allowed work release only upon the recommendation of the Robinson Recovery Center staff and with the permission of the supervising probation officer, and he not withdraw from the program without the prior permission of the supervising probation officer.

3.) That the Defendant shall submit his person, residence, computer, workplace, vehicle, property and/or possessions to a search conducted by a United States probation officer, or other law enforcement officer, at a reasonable time and in a reasonable manner based upon any reasonable suspicion of contraband or evidence of a violation of the conditions of supervision.  A failure to submit to a search may be grounds for revocation.  The officer shall notify

any occupants that the premises may be subject to searches pursuant to this condition.  A probation officer may invoke a search with  or without the assistance of other law enforcement officers.

The Defendant and both counsel are in agreement with and consented to the above-identified modifications.  The Court will conduct another review hearing in ninety (90) days.  The hearing shall be conducted on May 22, 2006, at 11:00 a.m. via videoconference.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006.

Daniel L. Hovland, Chief Judge
United States District Court