# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER ACCEPTING DEFENDANT'S** |
| Plaintiff, ) | **WAIVER OF HIS RIGHT TO A** |
| ) | **PRELIMINARY HEARING AND** |
| vs. ) | **GRANTING GOVERNMENT'S** |
| ) | **MOTION FOR DETENTION** |
| Roy Spinks, ) | |
| ) | Case No.: 4:04-cr-029 |
| Defendant. ) | |

On June 29, 2006, the defendant made his initial appearance on an Amended Petition for Warrant or Summons for Offender Under Supervision charging him with violating two specials conditions and one standard condition of his supervised release. AUSA Nick Chase appeared on the government's behalf and moved to detain the defendant. Federal Public Defender Christopher Lancaster was appointed as defense counsel and appeared on the defendant's behalf.

Upon being advised of his rights and reviewing the petition, the defendant advised the court that he waived his right to a preliminary hearing but contested the government's motion for detention. The court finds that the defendant, having had an opportunity to consult with counsel, freely and voluntarily, and knowingly and intelligently waived his right to a preliminary hearing. Further, based upon the defendant's waiver of his right to a preliminary hearing, the court finds that there is probable cause to believe that the defendant may have committed the violations alleged in the amended petition. Accordingly, the court **ORDERS** that, pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the defendant be bound over to the United States District Court to answer to the charges set forth in the amended petition. <u>A revocation hearing has been scheduled for July 10, 2006, at 1:30 p.m. before Chief Judge Hovland in Bismarck, North Dakota</u>.

With respect to the issue of detention, the government indicated that, aside from the information contained in the amended petition, they had no additional evidence to present on this matter. The defendant advised the court that he had nothing to present for the court's consideration other than the fact that he continues to attend Alcoholics Anonymous and remains in contact with his sponsor. As an alternative to detention, he requested that he be placed in a halfway house. In the event the court was inclined to grant the government's motion for detention, he reserved his right to seek reconsideration/review of detention if he should discover new evidence germane to this issue.

Under Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, the defendant has the burden of establishing that he poses neither a flight risk nor a danger to the community. In light of the defendant's criminal history, continued struggles with substance abuse, and repeated failure to comply with his past conditions of release, the court concludes that the defendant has not carried his burden, that he poses a danger to the community, that a halfway house placement is not feasible, and that there is no other condition or combination of conditions the court may impose to insure the public's safety. Accordingly, the court **GRANTS** the government's motion for detention and further **ORDERS** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 29th day of June, 2006.

*/s/ Charles S. Miler, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge